## THE STATE v. BANKS.

1. **Criminal Law:** SUSPICIOUS CIRCUMSTANCES: PRESUMPTIVE EVIDENCE. Suspicious circumstances may constitute presumptive evidence tending to establish guilt, but it is error to instruct the jury that such circumstances, if unexplained, are sufficient to overcome the presumption of innocence.

*Appeal from Buchanan District Court.*

FRIDAY, JUNE 16.

THE defendant was convicted and sentenced for larceny and now appeals to this court.

*D. W. Bruckart* and *Lake & Harmon*, for appellant.

*M. E. Cutts*, Attorney General, for appellee.

ADAMS, J.—The District Court gave an instruction in these words:

" 5. Most important presumptions are often derived from the conduct and acts of a defendant accused of a crime, viz: If circumstances in proof indicate a suspicion of guilt, and where the accused might, if she was innocent, explain these circumstances consistently with her own innocence, and yet the defendant offers no explanation whatever of such suspicious circumstances, then a presumption arises that she is guilty; such suspicious circumstances would be the possession of a large sum of money shortly after a robbery has occurred, as well as that a defendant gives different names as her name at different times. These facts you will consider in making up your verdict herein."

To the giving of this instruction the defendant excepted and now assigns the same as error.

By this instruction the jury are told, in substance, that where a robbery has occurred proof of suspicious circumstances, if unexplained, the defendant being able to explain them if innocent, would raise a presumption of guilt; and to illustrate, the court says: "If the defendant has in possession a large sum of money shortly after the robbery, and gives himself or herself different names at different times, and offers no explanation, a presumption of guilt would arise."

Whether the court meant that the presumption of guilt so arising would be sufficient in the absence of any other evidence to overcome the presumption of innocence and require the jury to find a verdict of guilty is not quite certain, but as the instruction is susceptible of that meaning, we think it is erroneous. If the presumption so arising was not to be deemed sufficient to overcome the presumption of innocence, the suspicious circumstances would constitute merely presumptive evidence tending to establish the guilt of the defendant. There is no middle ground between that which is suffi-

cient to establish the guilt of the defendant and that which merely tends to establish it.

We should be inclined to think that the court meant nothing more than that the suspicious circumstances would constitute presumptive evidence, were it not for the fact that the court adds the qualifying circumstance, that they are not explained when they might be explained if the defendant was innocent.   Inasmuch as a suspicious circumstance which the defendant may have no power to explain although innocent, constitutes presumptive evidence tending to establish guilt, it is a fair inference that the court intended to be understood that a suspicious circumstance, which the defendant, if innocent, could explain, but did not, would amount to something more than presumptive evidence tending to establish guilt, to-wit: that it would be sufficient as a matter of law to overcome the presumption of innocence.

A suspicious circumstance, unexplained, whether the defendant, in case he is innocent, can or can not explain it, is only presumptive evidence tending to establish guilt.   If the circumstance is one which the defendant could explain, if innocent, it would be simply stronger evidence against the defendant than if it was one which he could not explain though innocent, but the jury must in either case be the sole judge of its weight.

We think, therefore, that the instruction given by the court that under the circumstances supposed a presumption of guilt would arise, was calculated to mislead the jury, and the case must, therefore, be

REVERSED.